SANTA FELIA v. W. G. BELTON.

(Filed 17 November, 1915.)

**1. Intoxicating Liquors—Claim and Delivery—Criminal Law—Judgments.**

Where the plaintiff has been convicted of violating section 7, ch. 97, Laws of 1915, for unlawfully receiving and having in his possession 40 gallons of wine to serve at the table of his boarding house, though no extra charge is made for the wine, and from this judgment he has not appealed, he cannot in a civil action of claim and delivery obtain possession of the wine from an officer having it in his custody under the order of court to destroy it, and it is the duty of the officer to do so, under the judgment in the criminal action not appealed from.

**2. Same—Custodia Legis—Interpretation of Statutes.**

Where the defendant in a criminal action has been convicted of unlawfully having 40 gallons of wine contrary to the provisions of chapter 97, Laws of 1915, and the wine is in the hands of an officer of the court, it being *in custodia legis*, the defendant may not recover it in a civil action against such officer; nor will the courts adjudicate that the officer deliver the wine to the plaintiff, for as the officer would act in violation of the statute in voluntarily doing so, the courts will not compel him.

APPEAL by plaintiff from *Cline, J.,* at August Term, 1915, of SURRY.

*J. H. Folger for plaintiff.*
*Attorney-General Bickett and W. F. Carter for defendant.*

CLARK, C. J.   This is a claim and delivery, begun before a justice of the peace, for 40 gallons of wine.   On appeal to the Superior Court the following facts were agreed:   On 1 July, 1915, the plaintiff received in one package from the railway company at Mount Airy, N. C., vinous liquor to the amount of 40 gallons, said liquors containing 12 per cent of alcohol.   On 12 July, 1915, a warrant was issued against said Felia for receiving a package of more than a quart of vinous liquor in violation of section 2, ch. 97, Laws 1915.   He was arrested and the liquor seized.   On trial before the recorder he was found guilty and fined.   He paid the fine and costs and was discharged. He was the keeper of a boarding house and the wine was used by him on his table by his boarders at every meal, though no extra charge was made the boarders for the wine.   In that action the court found as a fact that there was no evidence going to show that the defendant had the wine for the purposes of sale.   The recorder, as a part of his judgment, directed the officer to destroy the wine.   Thereafter the plaintiff herein (the defendant in the criminal action) instituted this suit for possession of the said wine against U. G. Belton, the officer who had the same in possession, who gave a replevy bond and retained possession of the wine.   On appeal to the Superior Court judgment

upon the case agreed was rendered that the plaintiff was not entitled to recover possession of the wine and dismissing the action; and further directing that the defendant as the officer of the law should execute the judgment in the criminal action by disposing of the wine or destroying the same.

It was also agreed as additional facts that a part of the wine in question had been used upon the table in the plaintiff's boarding house before any seizure and, but for the seizure, the balance would have been used in the same way; that the plaintiff, his family and boarders are Italians and that the wine was served on the table in connection with the regular meals for dinner and supper, daily. Laws 1915, ch. 97, sec. 7, provides: "It shall be unlawful for any person, firm or corporation to serve with meals, or otherwise, any spirituous, vinous fermented or malt liquors or intoxicating bitters where any charge is made for such meal or service." Under this section the plaintiff in this action was found guilty in the criminal action, fined, and the liquor ordered to be destroyed. He did not appeal from the judgment, in that case and cannot now in a civil action seek to set aside and disregard such judgment.

It does not appear whether the liquor was shipped to Mount Airy from a point within the State or from without the State, nor does it make any difference in any aspect. The consignee had taken the 40 gallons of wine out of the depot, had opened the original package and was using it illegally in violation of the statute. Moreover it is now by order of the court in custodia legis.

Besides, chapter 97, Laws 1915, makes it unlawful for any one to deliver, in any one package, or at any one time, any spirituous or vinous liquors to any person in a quantity greater than one quart and for any person to receive a greater quantity than one quart of spirituous or vinous liquors at any one time. If the defendant Belton should voluntarily deliver this wine to the plaintiff he would be indictable and the plaintiff, Felia, would also be indictable. Certainly the court cannot by judgment in this case direct the officer to do an illegal act or permit the plaintiff to commit an indictable offense. Laws 1915, ch. 97, sec. 13, would make both the plaintiff and defendant guilty of a misdemeanor, and the court cannot dispense from that liability.

The judgment of the court in the criminal action to destroy the vinous liquor was unappealed from and must be enforced.

The judgment of the court dismissing this proceeding is

Affirmed.